UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA LEI HARRISON on behalf of DOUGLAS KEITH HARRISON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 1:15-cv-01764-EPG<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(ECF No. 13) |

## I. INTRODUCTION

On March 27, 2018, counsel for Plaintiff Wanda Lei Harrison on behalf of Douglas Keith Harrison ("Plaintiff"), James S. Pi of the Law Offices of Charles E. Binder and Harry J. Binder, LLP, filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (the "Motion"). (ECF No. 13.) Plaintiff and Defendant, the Commissioner of Social Security, were served with a copy of the motion (ECF No. 19). Neither Plaintiff nor the Commissioner have filed an objection to the motion. For the reasons set forth below, the motion for an award of attorney's fees is granted.

## II. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability insurance benefits and supplemental security income under the Social Security Act. (ECF No. 1.) On June 9, 2016, upon stipulation by the parties, the Court ordered the case remanded to the agency for further proceedings. (Doc. 10.) On July 11,

2016, the parties stipulated to an award of $1,046.54 in attorney fees under the Equal Access to Justice Act ("EAJA") (ECF No. 11), and on July 14, 2016, the Court entered the stipulated order (ECF No. 12).

On August 4, 2017, the Commissioner issued a notice that Plaintiff had been awarded retroactive disability benefits; that the Commissioner would withhold 25% of the award of past-due benefits, or $11,115.50, in case the Commissioner needs to pay Plaintiff's representative; and that Plaintiff would be receiving a check in the amount of $33,346.50. (ECF No. 15-1 at 6-9.) Based on these figures, and the representation of Plaintiff's counsel (ECF No. 15 at 3), the Court finds that the total past-due benefits awarded to Plaintiff is $44,462.00. Plaintiff also was awarded $25,915.00 in benefits as an eligible child. (*See* ECF No. 15-1 at 10 (notifying Plaintiff that she was awarded child benefits; that 25% of the total past-due benefits, in the amount of $6,478.75 will be withheld in case the Commissioner needs to pay Plaintiff's representative; and that Plaintiff will receive a payment in the amount of $19,436.25).

On March 27, 2018, Plaintiff's counsel filed a motion for attorney's fees in the amount of $5,500.00, with $1,046.54 to be reimbursed to Plaintiff for EAJA fees already received by counsel. (*See* Doc. 13.) Counsel states that Plaintiff entered into a contingency fee agreement whereby the Law Office of Harry J. Binder and Charles E. Binder, P.C. ("the Law Firm") would receive a fee of 25% of the past-due benefits awarded upon reversal of an unfavorable determination by the Commissioner. (ECF No. 15-1 at 2.) Counsel explains that the Law Firm was awarded $7,985.25 in § 406(a) fees, and is seeking an additional $5,500.00 in § 406(b) fees. (ECF No. 14 at 8; ECF No. 15 at 3.) This constitutes a combined award under § 406(a) and § 406(b) of $13,485.25.

Counsel seeks to recover the $5,500.00 under § 406(b), contending that the fees are reasonable as the Firm has expended 5.5 hours of work on this matter at the district court level, and is requesting a combined amount of less than 25% of the past-due benefits awarded Plaintiff. (*Id.* at 2-3; ECF Nos. 13, 14.)

### III. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the

2

following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the § 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at

3

1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Plaintiff entered into a fee agreement that provides for attorney's fees in the amount of 25% of the past-due benefits awarded to Plaintiff. (ECF No. 15-1 at 2.) The Court has considered counsel's representation of Plaintiff and the results achieved by counsel, which included an award of past-due benefits. The combined § 406(a) award of $7,985.25 already received, and the additional $5,500.00 in § 406(b) fees sought in this motion would result in a combined award of $13,485.25. This is less than 19.16% of the combined $70,377.00 in past-due benefits awarded to Plaintiff ($44,462.00 in past-due disability benefits for Douglas Harrison plus the $25,915.00 in past-due child's benefits for Emma Harrison).

Plaintiff's counsel indicates he spent 5.5 hours litigating Plaintiff's case at the district court level. Based on the $5,500.00 in § 406(b) fees sought, this represents an hourly rate of $1,000.00. While this hourly rate does appear to be above the market range, counsel has voluntarily reduced the fees from the allowable 25%, and the hourly rate is not excessive when compared to what the Ninth Circuit has approved. *See, e.g., Crawford*, 586 F.3d 1142, 1153 (9th Cir.2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases).

Further, there is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel. Counsel is an experienced attorney who secured

a successful result for Plaintiff. There is also no evidence that counsel engaged in any dilatory conduct resulting in delay. Thus, the requested § 496(b) fees amount of $5,500 is not excessive in relation to the past-due award. *See generally Shepard v. The Comm'n of Social Security,* No. 1:14-cv-1166 SMS, 2016 WL 3549261 (E.D. Cal. June 29, 2016) (granting $17,125.00 pursuant to § 406(b)); *Schneider v. The Comm'n of Soc. Sec.*, No. 14-cv-00034 SKO, 2016 WL 2654228 (E.D. Cal., May 10, 2016) (granting $10,253.96); *Whiteside v. The Comm'n of Soc. Sec.,* No. 1:13-cv-1337-BAM, 2015 WL 36545054 (E.D. Cal., June 11, 2015) (granting $6,000.00). In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. *See Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (("Because attorneys [] contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a windfall.").

An award of § 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, the Court previously determined that counsel is entitled to EAJA fees in the amount of $1,046.54. Therefore, the § 406(b) award of $5,500.00 must be offset by the $1,0465.54 in attorney's fees previously awarded under the EAJA.

### IV.    CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Accordingly, IT IS ORDERED that:

1. The Motion for Approval of Attorney's Fees under 42 U.S.C § 406(b) (ECF No. 13) is GRANTED. Defendant is to pay Plaintiff's counsel attorney's fees in the amount of $5,500.00 out of the sums withheld from Plaintiff's past-due benefits.

2. Plaintiff's counsel is to reimburse Plaintiff the amount of $1,046.54 in attorney's fees previously paid by Defendant under the EAJA.

3. The Clerk of the Court is directed to serve this order on Plaintiff, Wanda Lei Harrison, on behalf of Douglas Keith Harrison, P.O. Box 1092, Hilmar, CA 95324.

IT IS SO ORDERED.

Dated: **July 2, 2018**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE